# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 73617-5-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TODD MIKAIL KINGMA, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 25, 2016 |
| | ) | |

DWYER, J. — Todd Kingma appeals from the judgment entered on a jury's verdict finding him guilty of possession of a controlled substance, methamphetamine. His sole assertion of error regards the trial court's delay in filing findings of fact and conclusions of law following a pretrial suppression motion. There being no basis for an award of appellate relief, we affirm.

Pursuant to CrR 3.6, Kingma moved to suppress evidence of the methamphetamine. The motion was submitted to the court based on stipulated facts. After a hearing, the trial court entered a written order setting forth its reasons for denying the motion. This complied with the mandate of CrR 3.6(a). Because no evidentiary hearing was held, the trial court did not enter separate findings of fact. See CrR 3.6(b).

Pursuant to CrR 3.6(b), "the trial court is required to enter written findings and conclusions only if the trial court decided to hold an evidentiary hearing on

the CrR 3.6 motion." State v. Powell, 181 Wn. App. 716, 723, 326 P.3d 859

review denied, 181 Wn.2d 1011 (2014).  Because the hearing was conducted on

stipulated facts, the trial court did not err by not entering findings of fact.  In any

event, findings of fact were ultimately entered by the trial court on November 10,

2015, after Kingma's appellate brief was filed.  Kingma has not asserted any

further basis for appellate relief.

Affirmed.

We concur: